The HAAGEN–DAZS COMPANY, INC.; and Haagen–Dazs Brands, Inc., Plaintiffs–Appellees,

v.

MARINA ICE CREAM COMPANY, INC., Defendant–Appellant.

No. 1738, Docket 91–7420.

United States Court of Appeals, Second Circuit.

Argued June 3, 1991.

Decided June 13, 1991.

Myron Amer, Mineola, N.Y., for defendant-appellant.

David G. Keyko, New York City (Winthrop, Stimson, Putnam & Roberts, Susan J. Kohlmann, Elaine M. Laflamme, of counsel), for plaintiffs-appellees.

Before OAKES, Chief Judge, PRATT and ALTIMARI, Circuit Judges.

PER CURIAM:

Marina Ice Cream Company, Inc. ("Marina") appeals from a judgment enjoining it from distributing Haagen–Dazs ice cream; infringing Haagen–Dazs' trademarks and trade name; and marketing or selling Haagen–Dazs ice cream in "any way that tends to deceive, mislead, or confuse the public into believing that defendant's activities are in any way sanctioned or affiliated with the plaintiffs". This judgment was entered after Marina, without answering the complaint, consented to a judgment as requested in the complaint. Marina objects to the terms of the judgment actually entered, contending that the relief ordered by the district court is broader than the relief to which the parties had actually consented. We agree with Marina, and therefore reverse and remand to the district court.

Plaintiffs filed a complaint against Marina on October 26, 1990. Part of the relief that they requested was that Marina be preliminarily and permanently enjoined from "the *unauthorized* distribution of Haagen–Dazs Products." (emphasis added). Marina did not file an answer; instead, it filed a "Consent Judgment", in which it consented to judgment "on the pleadings for the relief requested." Plaintiffs then submitted to the district court a proposed order and judgment, and gave Marina notice of settlement of that judgment.

Marina objected to the proposed judgment because it differed from the complaint: in particular, it enjoined Marina from, among other things, "distributing Haagen–Dazs ice cream and frozen dessert products". Marina claimed that by deleting the word "unauthorized" from the section regarding the distribution of Haagen–Dazs products, plaintiffs were attempting to expand the scope of the order. The district court disagreed, however, and on February 1, 1991 signed the plaintiffs' proposed judgment. Marina moved for relief under Fed.R.Civ.P. 60(b), but the district court denied this motion. Marina then appealed.

The district court concluded that the deletion of the word "unauthorized" was immaterial. We do not agree. The judgment prohibits Marina from selling Haagen–Dazs products at all, while the complaint asked that Marina be prevented from engaging in "unauthorized" sales. If Marina were to purchase Haagen–Dazs products from a third party and then resell them, this would clearly violate the judgment but might not violate the terms of the relief that Haagen–Dazs had requested in its complaint—which was the relief to which Marina had consented. While there are questions as to whether Haagen–Dazs could practically and legally prevent such a sale, the hypothetical does illustrate the difference in scope between the relief sought in the complaint and the relief incorporated into the judgment. Such a difference is unacceptable.

The final judgment was based on the equivalent of a settlement agreement: defendant consented to the judgment plaintiff had requested in its complaint. A consent judgment should reflect the understanding of both parties. Because the final judgment issued by the district court does not reflect such an agreement, it must be vacated.

Accordingly, we remand to the district court for further proceedings. The district court should modify the judgment to reflect the exact language of the complaint, provided that both parties agree to the modification. If both parties do not agree, then the district court should vacate the judgment and direct the defendant to an-

swer the complaint within 20 days so that the action may proceed.

Reversed and remanded.